700 P.2d 648

**In re Inquiry Concerning a Judge: Joseph A. LUCERO, Magistrate Judge, Santa Fe County, Division III.**

**No. 15876.**

Supreme Court of New Mexico.

May 30, 1985.

Rule 57.1. *E.g., State v. Pendley,* 92 N.M. 658,

Samuel W. Jones, Albuquerque, for Com'n.

John Paul Gallegos, Espanola, for Lucero.

**OPINION**

WALTERS, Justice.

This matter is before us upon recommendation of the Judicial Standards Commission to remove Respondent Joseph A. Lucero, Magistrate Judge, Santa Fe County, Division III, from office by reason of his violations of NMSA 1978, Code of Judicial Conduct, Canons 1, 2 and 3 (Repl.Pamp. 1983).

The proceedings against Respondent were commenced because of two criminal complaints having been filed by Respondent in his own court against a visitor to one of Respondent's tenants, and against one of Respondent's former tenants. The first complaint charged criminal trespass, and the second, criminal damage to property, even though the facts alleged to support the complaints would indicate that both cases were civil in nature.

Respondent charged in the first case that he had directed the defendant not to visit the premises rented by one of his tenants,

593 P.2d 755 (Ct.App.1979).

and when his direction was disregarded, he filed criminal trespass charges in his own court against the visitor. He scheduled an arraignment in that case for six days later in his own court, and three months later he recused himself from further proceedings.

In the second case, Respondent issued a warrant for arrest of the individual named in that complaint (which he had filed in his own court), arraigned that person upon his arrest, and committed him to jail for four days when defendant was unable to post a cash bond for his release. The matter was ultimately dismissed by Respondent, without prejudice, when an agreement was reached that floor damage to the premises which had been rented from Respondent would be repaired by the defendant.

We have reviewed the evidence, the report and recommendations of the Judicial Standards Commission, and we have heard argument of counsel for the Commission and for Respondent in this matter. Respondent, before the Commission and in this Court, asserted that he knew he should not hear any cases filed by himself, so "I did recuse myself on the first one and I entered a not guilty plea for defendant on the second one." While we might agree that the mere filing of the complaints would not constitute a violation per se of the canons contained in the Code of Judicial Conduct, we cannot overlook Respondent's failure to promptly disqualify himself by signing a recusal immediately upon filing each complaint. Indeed, his proceeding to order arrest, to arraign, and to detain the defendant in the second case occurred almost six months *after* he realized the necessity to recuse himself in the first case. Respondent has asked us to consider his non-lawyer status, his limited education, his lack of legal training, and his violation of judicial conduct by ignorance and inadvertence rather than by intent, in mitigation of the recommendation of the Commission.

■ We cannot ignore the prohibition of N.M. Const. art. VI, § 18, which provides that "no * * * judge * * * of any court shall, except by consent of all parties, sit in any case in which * * * he has an inter-

est." Canon 1 of the Code of Judicial Conduct requires each judge to establish, maintain, enforce and observe high standards of conduct "so that the integrity and independence of the judiciary may be preserved." Canon 2 commands judges to respect and comply with the law, and to conduct themselves at all times "in a manner that promotes public confidence in the integrity and impartiality of the judiciary," and Canon 3 requires a judge to know his personal and financial interests and to disqualify himself whenever the spectre of personal bias, prejudice, knowledge or interest in the outcome of the case arises. Respondent's untimely recusal in the first case, and his exercise of judicial authority in the second case, are clear violations of the canons and of the Constitution.

■ We recognize that the Legislature has established inferior courts which do not require the judges to be legally trained. NMSA 1978, §§ 34–7–1 to –25 (Repl.Pamp. 1981); § 35–2–1 (Cum.Supp.1984); § 35–14–3. Nevertheless, when anyone, layman or lawyer, learned or ignorant, assumes to gain election to the position of judge of any one of the courts of New Mexico, upon his election thereto he is committed and shall be held accountable to the standards of conduct imposed upon all judges, without exception.

The recommendation of the Judicial Standards Commission is adopted. Respondent is hereby removed from office effective immediately.

IT IS SO ORDERED.

FEDERICI, C.J., and STOWERS, J., concur.

SOSA, Senior Justice, specially concurring.

RIORDAN, J., not participating.

SOSA, Senior Justice, specially concurring.

I agree with the majority that some discipline in this matter is warranted.

However, I feel the discipline imposed by the majority is overreaction. I have read the letters of commendation of the judge and based on all the evidence I feel we are imposing punishment for ignorance instead of dishonesty.

The letters of recommendation as to his performance in office are very high. I would issue an order of suspension rather than removal. The electorate should determine after a suspension whether he should be retained or removed.